IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JONATHON A. MOSELEY </br></br> Plaintiff, </br></br> v. </br></br> JUDGE MICHAEL GARDNER[1], et al. </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 1:20-cv-01248-AJT-JFA </br> ) </br> ) </br> ) </br> ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, Robert Vaughn, and Solution Painting, Inc., (collectively "Defendants") the former individually and the latter by counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), submit this Memorandum of Law in support of their Motion to Dismiss in response to the Complaint filed herein by Plaintiff, Jonathon A. Moseley (hereinafter "Plaintiff" or "Moseley").

**INTRODUCTION AND BACKGROUND**

Plaintiff, Jonathan Moseley, on his own behalf and identifying himself in his pleadings as an attorney, has filed a rambling, incoherent, nonsensical document entitled Complaint against Judge Michael Gardner, supposedly a Judge on the bench of the Fairfax Circuit Court, the undersigned, Robert Vaughn, who is counsel for Solution Painting, Inc. ("Solution Painting") in state court litigation in which Moseley is counsel for the state court plaintiff, and Solution Painting itself, seeking to prevent the state court from using its powers of contempt to require Moseley to pay Va. Code §8.01-271.1 sanctions that were awarded against him, individually, for improper actions taken as counsel in the state court litigation.  As best as can be determined, the

---

[1] There is no judge on the Fairfax Circuit Court by the name of "Judge Michael Gardner," Plaintiff has filed a Motion to correct a purported Misnomer to substitute Richard Gardiner as the Defendant.

1

First, Second and both Third Counts of the Complaint attempt to assert some kind of civil/constitutional rights violations, Count Four is a nonsensical claim for intentional infliction of emotional distress, and Count Five claims a violation of Virginia's business conspiracy statute. As set forth in more detail below, none of the Counts even remotely state a valid cause of action against the Defendants; Moseley's Complaint is nothing more than yet another effort to collaterally attack the Circuit Court's multiple contempt finds against him.

The genesis of this action starts with a Complaint filed by Blanca Mijares in the Circuit Court of Fairfax County against Solution Painting, Inc., Mario Vega Prado, and Rosalyn Martinez, Case No. 2019-08311. Subsequent to the filing of the action, Moseley entered his appearance as her counsel and filed an Amended Complaint on her behalf. After a second demurrer was sustained dismissing the action, Moseley, with leave of Court, filed a Second Amended Complaint. After another demurrer resulted in the dismissal of several counts of the Second Amended Complaint, the remaining claims proceeded to trial. The action was dismissed at trial. It was later discovered that Moseley had been suspended from the practice of law by the Virginia State Bar at the time of the trial, but continued to represent Ms. Mijares both at that hearing and a later proceeding without informing the Circuit Court of his suspension.

Thereafter, the state court defendants filed a Va. Code §8.01-271.1 Motion for Sanctions against Ms. Mijares and Moseley. Ms. Mijares, by Moseley, filed a Motion to Reconsider. On January 15, 2020 the Circuit Court issued its Order, *inter alia*, again dismissing the Complaint and awarding $6,995 in sanctions against Ms. Mijares and Moseley payable within 90 days. The sanctions against Moseley related to his twice appearing before the court as counsel for Ms. Mijares while he was suspended from the practice of law, as well as for submitting knowingly false answers to Interrogatories. That Order is now final and unappealable. Rules 1:1. 5:9 and

5A:6 of the Virginia Rules of Civil Procedure; Va. Code § 8.01-675.3.  A copy of the Circuit Court's Order is attached as **Exhibit A**.

Neither Ms. Mijares nor Moseley paid the sanctions within the required 90 days.  The state court defendants thereupon requested the issuance of a Rule to Show Cause against Ms. Mijares and Moseley for failing to comply with the Court's Order.  After additional briefings and an evidentiary hearing, the Circuit Court issued it Order of July 16, 2020 finding Ms. Mijares and Moseley in contempt and giving them 20 days to purge their contempt by paying the previously awarded sanctions of $6,995.  The Court also awarded the state court defendants additional attorney's fees, directing the undersigned to file an attorney's fees affidavit regarding those fees.  Subsequent to the filing of that affidavit, the Circuit Court entered an Order on July 22, 2020 awarding additional attorney's fees of $3,500 due and payable within 60 days.  A copy of the July 16th Order is attached as **Exhibit B** and the July 22nd Order as **Exhibit C**.

Once again, neither Ms. Mijares nor Moseley paid the initial sanctions within 20 days or the second sanctions award within the required 60 days.  At the request of the state court defendants, the Circuit Court issued another Rule to Show Cause against Ms. Mijares and Moseley returnable to August 20, 2020.  When Moseley failed to appear at the hearing as required by the Order to Show Cause, the Circuit Court issued a Capias for his arrest. The Capias was executed on August 28, 2020.  On September 2nd the Circuit Court arraigned Moseley and set a bond for his release.  Shortly thereafter, Moseley posted the bond and was, in fact, released.  He was incarcerated a total of 6 days.[2]

Moseley and Mijares took different tacks in their continuing efforts to avoid payment of

---

[2] Defendants' request that the bond be turned over to them in partial satisfaction of the monies due per the Court's orders was denied; as of this date, Defendants have not received even one penny of the multiple sanctions awards against Moseley.

the sanctions. Ms. Mijares filed a Chapter 7 bankruptcy, Case No. 20-11981 seeking to discharge the sanctions obligations. Moseley filed a Petition for Writ of Prohibition in the Virginia Supreme Court against the same non-existent Judge Michael Gardner and Solution Painting attempting to stop the Circuit Court from enforcing its contempt orders against him claiming the orders were "ultra vires." In another rambling, incoherent 46 page filing, Moseley made claims similar to the ones he makes in this action.

On September 18, 2020, the Virginia Supreme Court issued it Opinion denying the Writ, stating specifically:

> The circuit court has subject matter jurisdiction over the underlying civil litigation, Code § 17.1-513, and ***Judge Gardiner was within his authority to enter the contempt order***. Therefore, a writ of prohibition does not lie as to Judge Gardiner. (emphasis added)

The Virginia Supreme Court further opined that prohibition did not lie as to Solution Painting because the Writ is "reserved to allow a superior court to order a lower court to cease an action related to its jurisdiction and cannot be used to direct the actions of non-court entities such as Solution Painting." A copy of the Virginia Supreme Court Order is attached as **Exhibit D**.

On October 22, 2020 the Circuit Court held a hearing on the Rule to Show Cause entered August 11th, which had originally required Moseley to appear on August 20th--the date he filed the Writ of Prohibition and chose not to attend court. After hearing further argument and evidence, on October 28, 2020 the Circuit Court entered an Order reflecting its rulings from the 22nd, including a finding that Moseley was in contempt for failing to appear on August 20, 2020, and was again in contempt, this time for failing to comply with the court's Order of July 16, 2020--the second order requiring the payment of sanctions. Moseley was given an additional 30 days to purge himself of contempt by paying "reasonable sums to counsel for Defendants." The Circuit Court also awarded additional fees to the defendants related to the ongoing show cause

proceedings, and scheduled a hearing for review of the matter for November 19. 2020.  The Court has not yet entered an order relative to those fees.  A copy of the October 28, 2020 Order is attached as **Exhibit E.**

The November 19th hearing was removed from the docket based upon Moseley's claim that he had tested positive for COVID-19.  **Exhibit F**.  As of this time, the hearing has not been rescheduled, but the matter remains on the active docket of the Court and is ongoing.

Moseley has now filed the subject frivolous, meritless Complaint in yet another effort to collaterally attack the contempt findings and orders of the Circuit Court.

## ARGUMENT

**I. Standard of Review.**

Defendants bring this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion tests the court's subject matter jurisdiction over a plaintiff's claims. It is the plaintiff which bears "the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citations omitted). In ruling upon such a Motion "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*.  Nonetheless, similar to Rule 12(b)(6), the court must view the facts alleged in the light most favorable to the plaintiff.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647.

A motion to dismiss under 12(b)(6) tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to

dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). The Court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint. *See Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Stidham v. Jackson*, 2:07-cv-00028, 2007 U.S. Dist. LEXIS 54032, at *13 (W.D. Va. July 26, 2007) (legal conclusions "couched as factual allegations need not be accepted as true").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In *Iqbal*, the Supreme Court enunciated a "two-step test" for determining whether a complaint survives dismissal:

> **First**, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . **Second**, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

556 U.S. at 678 (emphasis added). Therefore, "a court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. If any factual allegations remain, the Court then should review them to determine if the plaintiff has stated a plausible claim for relief. *Id*.

## II. Plaintiff's "Allegations"

Moseley does not actually make factual allegations. Instead, he recites a laundry list of perceived affronts and injustices inflicted upon him in the state court proceedings, mixes legal conclusions and arguments--often in bold print, underlined and capitalized, sprinkles in citations to statutes and cases, includes statements related to the pandemic, politics, Virginia's history as a Confederate state, along with references to studies by the Pew Charitable Trust. In essence, what Moseley does is rehash his position as to why the Circuit Court's finding him in contempt was incorrect and invalid, all in an effort to have this Court rule upon the validity of a Virginia state court's application of Virginia state law to its factual findings in a state case. For good measure, Moseley makes assertions that the undersigned acted to intentionally inflict emotional hard upon him and unlawfully engaged in a conspiracy with Judge Gardner [sic] to harm him. Fourth and Fifty Counts.

Given the total lack of factual allegations, it is not possible for this Court to engage in the analysis required for a Rule 12(b)(1) or (b)(6) Motion. That alone requires dismissal of the Complaint with prejudice. However, in an abundance of caution, Defendants will respond to the individual Counts of the Complaint in the following paragraphs.

## III. Rule 12(b)(1) Dismissal for lack of jurisdiction.

### i. Federal Courts are precluded from reviewing state court decisions under the Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine derives from two U.S. Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*,

7

460 U.S. 462 (1983). Under the doctrine, a federal district court is precluded from "exercising appellate jurisdiction over final state-court judgments." *Moseley v. Circuit Court of Arlington Cty.*, No. 08-0255, 2008 U.S. Dist. LEXIS 110419, at *5 (E.D. Va. July 17, 2008) (finding that the *Rooker-Feldman* doctrine barred Moseley's claims arising from a state court judgment--Moseley being the same party as the Plaintiff in this action). If a party is injured by a state court decision, the appropriate action is to appeal that decision to the appropriate state appellate court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

The doctrine applies when: (1) a federal court plaintiff has lost in state court; (2) the plaintiff complains of "injuries" from the state court judgment; (3) the state court judgment became final before the federal action began; and (4) the plaintiff seeks to have the district court review and reject the state court judgment. *Willner v. Frey*, 243 F. App'x 744, 745-46 (4th Cir. 2007) (citing *Exxon*, 544 U.S. at 284). In the instant proceedings, all four conditions are clearly met.

Moseley's claims against Defendants arise exclusively from the proceedings in the Fairfax County Circuit Court in which sanctions were awarded against Moseley and he was repeatedly held in contempt for failing to comply with the Circuit Court's orders. Moseley attempted to collaterally attack the Circuit Court's judgments by fling a Petition for Writ of Prohibition in the Virginia Supreme Court; that effort failed. That is beyond a doubt the definition of a having lost in the state court, fulfilling the first prong of the test.

Mosely claims that he has been "injured" and will continued to be injured by being required to pay sanctions and/or incarcerated until he pays those sanctions. That clearly fulfills

the second prong of the test.

The state court judgment became final as of February 14, 2020, long before the filing of this action. Virginia Rules of Civil Procedure 1:1, 5:9 and 5A:6; Va. Code § 8.01-675.3. Thus the third prong of the analysis is met.

Moseley's stated purpose in the filing of this action is to have this Court review and reject the Circuit Court's orders of contempt. By his own admission, the state tort claims are merely pendent claims. Accordingly, it is beyond doubt that the fourth prong is satisfied and the *Rooker-Feldman* doctrine bars the Complaint.

Moseley cannot escape the application of the *Rooker-Feldman* doctrine by attempting to restate his attack on the Circuit Court's orders as a civil rights claim, as he has attempted to do in his First, Second and two Third Counts; *See Jordahl v. Democratic Party*, 122 F.3d 192, 202-03 (4th Cir. 1997) (noting that "a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action"). The *Rooker-Feldman* doctrine specifically precludes a state court loser from raising constitutional claims that are inextricably intertwined with the merits of a state court ruling. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring in the judgment). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 857-58 (4th Cir. 2001).

> **ii. This Court is bared from becoming involved in an ongoing state court proceeding under the Younger abstention doctrine.**

The *Younger* abstention doctrine holds that "…it is inappropriate for the Court to address a claim if it would interfere with a pending state judicial proceeding absent extraordinary circumstances." *Lamar v. Ebert*, No. 2:12-cv-00706, 2017 U.S. Dist. LEXIS 133494, at *6 n.2 (E.D. Va. Apr. 11, 2017) (citing *Beam v. Tatum*, 299 F. App'x 243, 246 (4th Cir. 2008)). *See*

9

*Younger v. Harris*, 401 U.S. 37 (1971). The doctrine "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993). "*Younger* mandates that a federal court abstain from exercising jurisdiction and interfering with a state . . . proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Moseley's claims arise from state court orders awarding sanctions and finding him in contempt on multiple occasions for failing to comply with those orders.  A final Order was entered in the state court case on January 15, 2020, which order included the initial award of sanctions.  Those proceedings are ongoing to this very date solely because Moseley has failed and refused, repeatedly, to comply with the Circuit Court's orders. The timing of the filing of this action was not accidental.  This case was filed on October 21st, the day prior to the Circuit Court's hearing on further contempt proceedings against Moseley.  Virginia has obvious, important, substantial and vital interests in assuring that its Orders are observed and enforced; absent enforcement, such orders are rendered a nullity.  Satisfying the last prong of the test for application of the doctrine, Moseley has had and will continue to have the opportunity to raise his defenses to the Circuit Court's actions, constitutional or otherwise--notwithstanding the total lack of merit to such claims.

**IV.  Rule 12(b)(6) Dismissal for failure to state a claim upon which relief can be granted.**

    **a.  First, Second, both Third Counts must be dismissed with prejudice.**

The First, Second and Third Counts[3] are all based upon a distorted, illogical contention that Defendants, Solution Painting and their counsel, are seeking to deprive Moseley of his civil rights under color of state law. In the First Count, Moseley seeks an injunction prohibiting the exercise of the state court's contempt powers on the basis that such exercise is a violation of 42 U.S.C. §1983. In the Second Count, Moseley contends that the exercise of the state court's contempt powers for his violation of the Circuit Court's orders "deprive him of his constitutionally protected liberty [sic] violate the Fifth Amendment, Thirteen Amendment and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution." Comp. ¶204. In the first of the two Third Counts, Moseley restates his §1983 claim asserting that "Defendants actions and their omissions…constitute knowing and intentional government action in deprivation of the Plaintiff's constitutionally protected right to liberty…." Comp. ¶206.

Mosely makes little to no effort to set forth any factual basis for his contentions--as he has done consistently, doing nothing more than repeating the same nonsensical assertions that he had already repeatedly made in the Complaint. Directly stated, there are no facts alleged.

More to the point, it is axiomatic that Defendants are not part of the government, state or Federal, and have no power to deprive Moseley of any rights, actual or perceived. The undersigned is an attorney in private practice. Solution Painting is a Virginia corporation engaged in the business of residential and commercial house painting. As stated by the U.S. Supreme Court in *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981), "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983."). *See also Prasad v. Friedman,* No. 3:17CV322, 2018 U.S. Dist.

---

[3] The Complaint has two Third Counts; the Count referenced in this section of Defendant's Memorandum is the first of the two Third Counts, which begins on page 34 of the Complaint.

LEXIS 106231, at *4 (E.D. Va. June 25, 2018) ("It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983.").

As if the foregoing were not enough, it is equally clear that the actions taken against Moseley are for his refusal to comply with multiple orders of the Circuit Court.  The Order of January 15, 2020 required Moseley to pay sanctions within 90 days.  When he failed to comply with that Order, the Circuit Court conducted a hearing in which Moseley participated and presented whatever evidence he wished to present.  The Circuit Court thereafter issued its Order of July 16, 2020 finding Moseley in contempt for violation of the January order--but imposed no actual punishment on Moseley; to the contrary the court gave Moseley an additional 20 days to purge himself of contempt by paying the sanctions.  In a separate Order entered July 22nd, the Circuit Court awarded an additional $3,500 in fees for having to seek the aid of the court in enforcing its January 15th order.  Again, that Order did not deprive Moseley of any constitutionally or statutorily protected rights.  While the Circuit Court's Order of October 28, 2020 did impose a sanction upon Moseley, the sanction was for contempt of court pursuant to Va. Code §18.2-457 relating to Moseley's failure to appear as ordered by the court.  That Order also makes clear that the Capias about which Moseley so vehemently complains was issued for his prior failure to appear as ordered by the Circuit Court, not for failing to pay a sanction.

To state a claim under § 1983, a plaintiff must allege the violation of a right preserved by another federal law or by the Constitution." *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., Amend. V.  Moseley does not even remotely state a claim for a violation of his Fifth Amendment rights; not only was he notified of the hearings about which he complains,

he actively participated in those hearings.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const., amend. XIII. There is absolutely nothing whatsoever in the Complaint to suggest that Moseley was subjected to slavery of involuntary servitude. He simply three in the claim in a desperate attempt to create a claim where none exists.

Lastly, the Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. Again, Moseley has not made any factual assertions from which this Court could find that he was denied equal protection. If anything, the Circuit Court bent over backwards to give Moseley the opportunity to avoid being punished for contempt. Instead of taking advantage of those opportunities Moseley turned his wrath on the Circuit Court and the Defendants. If he had used just one tenth of the time and energy in complying with the Circuit Court's orders vs. filing meritless and frivolous proceedings like the Writ of Prohibition and the subject Complaint, we probably would not be here.

Accordingly, the First, Second and first of the Third Counts must be dismissed, with prejudice.

The second Third Count, subtitled "Fifth Amendment Violation," is purportedly a claim following *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (citing *Bivens*, 403

U.S. at 396). As with all of his claims, there is nothing in the Complaint that would even remotely constitute a *Bivens* claim against Defendants as there can be no contention whatsoever that the undersigned or Solution Painting is a federal agent. Count IV is completely without merit and likewise must be dismissed with prejudice.

**b. Moseley's Fourth and Fifth Counts are state law claims and should be dismissed.**

Moseley's Fourth Count is a failed effort to state a claim for intentional infliction of emotional distress under Virginia law. His Fifth Count is an attempt at a claim of a conspiracy based upon Va. Code §18.2-499 and 500.

Pursuant to 28 U.S.C.§1367(c)(3), this Court may decline to exercise supplemental jurisdiction over Moseley's state law claims if it has dismissed all of the claims over which it has original jurisdiction. Furthermore, when a plaintiff's federal claims are dismissed, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed without prejudice as well." *Darcangelo v. Verizon Communs., Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal punctuation omitted).

Here, the complete lack of basis for federal jurisdiction under the initial four counts (including the second Third Count), should result in the dismissal of the pendent state law claims.

**c. Moseley has not even come close to stating a claim for intentional infliction of emotional distress.**

> In order to recover on a claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements of proof. The plaintiff must show that 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe. *SuperValu, Inc. v. Johnson,* 276 Va. 356, 369-370, 666 S.E.2d 335, ___ (2008) (internal citations omitted)

It is not a claim favored in the law. Id at 370. "[A] plaintiff alleging a claim for intentional infliction

of emotional distress must allege in [their] motion for judgment all facts necessary to establish the cause of action in order to withstand challenge on demurrer." *Almy v. Grisham,* 273 Va. 68, 77, 639 S.E.2d 182, ___ (2007). The instant Motion to Dismiss is the equivalent of a demurrer under Virginia practice.

Virginia has made it clear that the conduct alleged for intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." In addition, the emotion distress must be "so severe that no reasonable person could be expected to endure it." *Harris v. Kreutzer*, 271 Va. 188, 204-205 (2006).

As with all of his claims, Moseley is far from satisfying the elements of a claim for intentional infliction of emotional distress. Moseley does not even go through the effort of claiming he suffered emotional distress, much less severe emotional distress. He makes no assertions of conduct that would be considered outrageous, extreme or beyond all possible bounds of decency. To the contrary, finding someone in contempt of court for violating a Court order is a routine, necessary exercise of a court's authority and power. Moseley does nothing more than make conclusory, argumentative statements that being subjected to contempt of court for failure to obey the court's orders was abusive and malicious. Accordingly, the Fourth Count must be dismissed with prejudice.

**d. Moseley's claim that Defendants conspired with the state court Judge handling this matter is outlandish and absurd, and is without basis in law or in fact.**

In his Fifth Count, Moseley recites at some length to provisions of Va. Code §18.2-499 and 500 in an attempt to state a claim under the so-called Virginia business conspiracy statute. To recover under the statutes, a plaintiff must establish: "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business[;] and (2)

resulting damage to plaintiff." *Dunlap v. Cottman Transmissions Systems,* 287 Va. 207, 214, 754 S.E.2d 313, ___ (2014).

Once again, instead of making actual factual allegations that would even come close to stating some kind of conspiracy between the Circuit Court and the Defendants, Moseley regresses into the repetitions of his perceived grievances--that he is being persecuted for failing to comply with orders of the Circuit Court. The paucity of any attempt to assert facts that would even colorably satisfy the elements of the statute--which constitutes a criminal offense as well as a private right of action--speaks volumes as to the bona fides of the entire Complaint. Nothing further need be said; Count Five must be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss of the Defendants, Robert Vaughn and Solution Painting, Inc., should be granted; the Complaint should be dismissed with prejudice in its entirety; Defendants should be awarded their attorney's fees and costs incurred herein, and granted such other and further relief as to this Court seems just and proper.

                                          **Robert L. Vaughn, Jr.**
                                          **Individually**
                                          **Solution Painting, Inc.**
                                          **By Counsel**

  /s/ Robert L. Vaughn, Jr._____
Robert L. Vaughn, Jr., VSB 20633
**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, #510
Reston, Virginia 20191
T - 703-689-2100
F - 703-471-6496
Email: rvaughn@oconnorandvaughn.com

**<u>Certificate of Service</u>**

      I hereby certify that on the 1st day of December, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the Plaintiff, Jonathan A. Moseley, and that a copy was sent via email to the following:

Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax:   276-628-4375
skelly@oag.state.va.us
*Counsel for Judge Richard E. Gardiner*

                                       /s/ Robert L. Vaughn, Jr.
                                       Robert L. Vaughn, Jr.

---

Robert L. Vaughn, Jr., VSB 20633
O'CONNOR & VAUGHN LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia  20191
T -703-689-2100; F 703-471-6396 (facsimile)
rvaughn@oconnorand.com