IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

JONATHON A. MOSELEY

          Plaintiff,

v.

JUDGE RICHARD E. GARDINER [1]

     and

ROBERT VAUGHN,

     and

SOLUTION PAINTING INC.

          Defendants.

Civil Action No.  1:20-cv-01248

**PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR SANCTIONS
CONCERNING DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
WITH INCLUDED MEMORANDUM OF LAW**

    Comes now the Plaintiff and hereby moves the Court to STRIKE the affected sections of the Motion to Dismiss for Failure to State a Claim filed by the Defendants Robert Vaughn and moves the Court to impose sanctions against these Defendants under Federal Rules of Civil Procedure Rule 11.

    The Defendants have filed a Motion to Dismiss to *some other, different, fantasy Complaint* with no relationship whatsoever to the Complaint before the Court, filed by this Plaintiff.  That the Defendants have not responded to *THIS* lawsuit but have moved to dismiss some other, non-existent lawsuit means that their pleading is without merit and a

---

[1]    Corrected from Original Complaint by Misnomer

1

waste of this Court's time, intended only to confuse and mislead this Court.

**FIRST**, these Defendants move to dismiss the Complaint under the Rooker-Feldman doctrine, which concerns asking a Federal court to vacate, over-turn, or modify a state court decision.

That objection has no relevance whatsoever to the case in front of the Court now.

The Defendants as seems to be their common tactic have responded to some other, mystery, fantasy, non-existent lawsuit that bears no resemblance to the lawsuit at bar here now.  There are those who do not understand.  There are those who don't want to understand.

This Complaint, the actual lawsuit, asks for declaratory judgment to declare the rights and obligations of the parties ***prospectively*** that the Thirteenth Amendment to the U.S. Constitution prohibits the imprisonment of any person other than upon conviction of a crime, and therefore that – prospectively – no Virginia court may incarcerate a debtor merely because the debtor has not paid a debt.   And the Fifth Amendment and Fourteenth Amendment are to the same effect.

This Complaint did not seek any damages for the constitutional claims, merely declaratory judgment.

The fact that Judge Richard Gardiner has already issued a capias upon the debt and Plaintiff already spent six days in jail [2] is clearly presented as a solid, *prima facie* basis that the Defendants actually, truly do, in fact, intend to incarcerate Plaintiff Moseley and likely

---

[2]     Note that the Plaintiff spent six days in jail, including over his birthday, awaiting an arraignment, and had to post $6,995 security bond, borrowing $6,99 dollars that was wasted for use on any debt owed, but that Judge Gardiner than actually sentenced Plaintiff to one day in jail, counting time served, but consuming several more hours in custody wasted on processing before release.

2

others merely on the basis of an unpaid debt. ³

While this case is *prospective*, the Defendants cannot – well, they will try, actually but cannot legitimately – argue that their threats to imprison the Plaintiff and likely many other debtors in Virginia are speculative.  They actually did it.  But that does not transform this *prospective* declaratory judgment into a Rooker-Feldman question.

Unlike the Rooker-Feldman doctrine, the Plaintiff is not seeking to have any such orders or decisions over-turned.  Plaintiff cannot un-serve six days in jail.  No action by this Court, Rooker-Feldman or not, could undo those past court orders and action.

However, this case is not about any state court order or action already undertaken in the past.  This case is clearly about clearing up the controversy by way of declaratory judgment that a debtor cannot be incarcerated for non-payment of a debt.  <u>Prospectively</u>.

The Supreme Court of Virginia has already decided in <u>Wright v. Matthews</u>, 209 Va. 246, 163 S.E.2d 158 (1968), held, as binding precedent today, that a court fee payable to the court (commonly referred to as "court costs") even in a criminal prosecution cannot be the basis for imprisoning a convicted criminal who has not paid his court costs:

> **We therefore hold that Wright's imprisonment for nonpayment of costs contravenes the Thirteenth Amendment. ⁴**

*And*

> **Since Wright's confinement constitutes involuntary servitude, it is proscribed by the Thirteenth Amendment unless he is confined as punishment for a crime. See <u>Pollock v. Williams</u>, 322 U.S. 4, 17, 64 S.Ct. 792, 799, 88 L.Ed. 1095, 1103 (1944);  <u>Bailey v. State of Alabama</u>, 219 U.S. 219, 233--234, 31 S.Ct. 145, 152, 55 L.Ed. 191, 202 (1911).**

---

³   The fact that Plaintiff Moseley spent his birthday in jail seems to be unable to penetrate the thick skull of these Defendants in their imagined belief that if they merely commit enough vile, vicious terrorism, threats, and intimidation, somehow the Plaintiff will pay money he doesn't have.

3

Wright v. Matthews was a petition for a writ of habeas corpus. The Supreme Court granted the writ and ordered the immediate release of William Ernest Wright.

In that precedent, William Wright filed a *pro se* Petition for Writ of Mandamus, which Virginia's Supreme Court chose to treat as a Petition for Writ of *Habeas Corpus.*

In that precedent, Wright was convicted criminally of nine counts of statutory burglary and attempted burglary, including payment of costs in the case.

In that precedent, the Clerk assessed (in 1964 dollars and economy) $1,064.75[4] in costs to be paid by William Ernest Wright for the costs arising from his criminal conviction, case, and trial.

This imprisonment was then supported by two Virginia statutes Va. Code 19.1-344 and Va. Code 53-221.

Nevertheless, the Supreme Court of Virginia found it to be a federal law violation of the U.S. Constitution, despite the existence of two Virginia state statutes on the topic.

Nevertheless, in flagrant disregard for binding precedent from the Supreme Court of Virginia and the clear dictates of the U.S. Constitution, these Defendants, all of them, insist that they can violate the clear terms of Wright v. Matthews,

Therefore, there is a present controversy – as to the future – about the rights and obligations of the parties, which should be resolved by declaratory judgment.

Moreover, secondarily, federal precedents construing the U.S. Constitution declare that it is unconstitutional to incarcerate someone for non-payment of even a criminal fine

---

[4] equivalent to $8,939.78 in 2020 dollars, even more than the principal amount at issue in this instant case here at $6,965.00, see https://www.in2013dollars.com/us/inflation/1964?amount=1064.75

without the prosecuting state to bear the burden of proof and burden of production that a criminal convict has the ability to pay the criminal fines but willfully chooses not to. This secondary constitutional restraint on the courts of all states prospectively prevents any court from incarcerating anyone for non-payment of debts. The Fourteenth and Fifth Amendments to the U.S. Constitution have already been construed as prohibiting these actions.

The Defendants seem to be incapable of comprehending that one may assert their constitutional rights in federal court independently of pursuing other rights elsewhere. Therefore, because there are other proceedings, the Defendants erroneously assume that *they must be the same issues*. They are not the same issues raised here in federal court.

Nothing in this lawsuit asks this Court to second-guess, invalidate, vacate, over-turn, or modify any state court decision.

Prospectively, Plaintiff asserts his constitutional rights under the Thirteenth, Fifth, and Fourteenth Amendments to the U.S. Constitution not to be imprisoned for the non-payment of a debt.

This has nothing to do with the Rooker-Feldman doctrine.

But the need is immediate, precisely because no appeal could undo time served in jail. No appellate court could restore days spent in jail. Imprisonment and the loss of constitutionally protected liberty is an irreparable harm that can never be remedied by an order of money damages. *See, generally, Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (a constitutional violation and loss of constitutional protections "'for even minimal periods of time, unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)); *see also Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (deprivation of constitutional protection "is an undeniably substantial and

5

irreparable harm").

Therefore, the Defendants could not genuinely believe that they could assert the Rooker-Feldman doctrine in response to a request to assert Plaintiff's constitutional rights.

SECOND, these Defendants move to dismiss the Complaint as foreclosed by a previous decision of the Supreme Court of Virginia.

However, this past decision is equally irrelevant.

The Plaintiff's prior Petition for Writ of Prohibition produced a decision by the Supreme Court of Virginia that state Circuit Courts have the power of contempt.

That has nothing to do with the questions at issue here in this Complaint.

Of course Virginia Circuit Courts have the power of contempt. As Norm Bradford, no stranger in this Court, says frequently "You got the right answer to the wrong question."

The question here is whether Plaintiff and others can be imprisoned for non-payment of a debt. That has nothing to do with whether Virginia Circuit Courts have the power of contempt. Furthermore, as is well known and the highlight of Judge Gardiner's motion to dismiss by the Office of Attorney General, Prohibition is an extraordinary remedy rarely resorted to. Denial of a Petition for Writ of Prohibition is not informative of anything here, given that there is an extremely high bar for the granting of Prohibition. Nevertheless, an Order that Circuit Courts have the power to hold people in contempt is utterly irrelevant to the matters at issue here in this case now.

THIRD, these Defendants move to dismiss the pendent Counts of the Complaint brought under State law, as if they are unaware of this Court's jurisdiction to hear pendent State claims in addition to federal question (or diversity in other cases). The Defendants' objection that pendent State law claims are included is so completely frivolous as to require

6

the imposition of Rule 11 sanctions. It is as well-known and firmly established as that the sky is blue and the grass is green that State law claims may be brought pendent to federal claims to be heard together.

FOURTH, these Defendants move to dismiss the pendent Counts of the Complaint brought under State law claiming that there are no facts sufficient to allege intentional infliction of emotional distress.

While litigation is frequently aggressive advocacy, and far too often assertions and responses are more fiction than reality, sadly allowed with an attitude that is overly tolerant of completely false statements, there is a line crossed here into a total lie.

As clearly alleged in Plaintiff's Complaint, Virginia law provides extensive remedies and procedures for a creditor to use to pursue payment of a debt. Those procedures carefully balance the ability of a debtor to pay and reject attempts to collect money that does not exist. Moreover, those procedures allow a creditor to find out, under oath if need be, whether a debtor is capable of paying or is merely claiming it. Those laws clearly place the burden of using those procedures to determine if a debtor actually can pay or not upon the creditor, but also allow a creditor to add court filing costs or the like to the outstanding balance.

The Complaint presents these statutes in exhaustive detail and repetition here would only be burdensome and tedious.

Yet, as alleged in the Complaint, these Defendants have spectacularly and steadfastly refused to use the procedures provided by the Virginia General Assembly.

Instead, as clearly alleged in the Complaint, these Defendants have spectacularly and steadfastly chosen to engage in terrorism, threats, and intimidation not warranted under State law to try to get people to pay what they are unable to pay.

God only knows what they are doing to debtors who are not lawyers.

As alleged in the Complaint, the Defendants have intentionally chosen to engage in threats of jail, intimidation, and terror in the collection of a debt rather than to use the debt collection methods readily available to them under Virginia State law.

Therefore, the Complaint alleges and conclusively proves that the Defendants have committed intentional infliction of emotional distress.

WHEREFORE, the Plaintiff respectfully invokes his right under FRCP Rule 11 to sanctions to be ordered against these Defendants, to include as a minimum the equivalent of attorneys' fees for his time spent and further punitive amounts to deter such conduct in the future. While sanctions are often addressed in terms of actual billing time for attorneys' fees, that is only one convenient measure often used. The Court may award any appropriate sanctions. Here it is clear, that the attorney Robert Vaughn will not stop and will just keep continuing in this abusive conduct unless the sanctions are severe enough to make him stop. The Court should consider ordering that such sanctions be paid into a legal fund to help other debtors so abused who do not have the legal training to defend themselves.

January 10, 2021                     RESPECTFULLY SUBMITTED,
                                     Plaintiff, *Pro Se*

_____
Jonathon A. Moseley (VSB No. 41058)

**CERTIFICATE OF SERVICE BY MAILING**

I hereby certify that on the January 11, 2021, a copy of the foregoing pleading has been distributed by the ECF filing system and by facsimile transmission to:

8

Ms. Sheri H. Kelly, Esq.
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
(276) 628-2964 Office
(276) 628-4375 Fax
SKelly@oag.state.va.us
Richmond, Virginia 23219
*Counsel for Judge Richard Gardiner*

Mr. Mark R. Herring, Esq.
Attorney General of Virginia

Mr. Samuel T. Towell, Esq.
Deputy Attorney General

Mr. Marshall H. Ross, Esq.
Senior Assistant Attorney General/Trial Section Chief

Mr. Calvin C. Brown, Esq.
 Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: 804-786-4933
Facsimile: 804-371-2087
cbrown@oag.state.va.us
*Counsel for Judge Richard Gardiner*

Mr. Robert Vaughn, Esq.
O'Connor and Vaughn
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
*Counsel for Solutions Painting and for Himself*