IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| JONATHON A. MOSELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-1248 (AJT/JFA) |
| | ) | |
| JUDGE RICHARD E GARDINER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Jonathon A. Moseley, an attorney who represented a plaintiff in a lawsuit in the Circuit Court for Fairfax County, has filed this action against a defendant in that state court case, and its lawyer, and also the Circuit Court Judge who presided over that case and imposed sanctions on Moseley based on his conduct in that case. Pending before the Court are:

1. Motions to Dismiss for Failure to State a Claim by Defendants Robert Vaughn ("Vaughn") and Solution Painting, Inc. ("Solution Painting") [Doc. Nos. 15-16] ("the Vaughn and Solution Painting Motions");

2. Defendant Richard Gardiner's Motion to Dismiss [Doc. No. 22] (the "Gardiner Motion"); and

3. Plaintiff Jonathon A. Moseley's Request for Entry of Default as to Defendant Richard Gardiner [Doc. No. 21] (the "Motion for Default Judgment"), Motion to Strike and Motion for Sanctions Concerning Defendants' Vaughn and Solution Painting Motion to Dismiss [Doc. No. 25] (the "Motion to Strike and for Sanctions"), and Response to Order Cancelling Oral

Argument [Doc. No. 31] (the "Motion to Stay").[1]  For the reasons stated below, the Vaughn and

Solution Painting Motions and the Gardiner Motion are **GRANTED**, Plaintiff's Motion for

Default Judgment, Motion to Strike and for Sanctions, and Motion to Stay are **DENIED**; and this

action is **DISMISSED**.

## I.    BACKGROUND

The following is alleged, as set forth in the Complaint, the exhibits attached to the

Complaint, and the state court orders attached to the briefings in this action:[2]

This action arises from court proceedings in the Circuit Court of Fairfax County

pertaining to a lawsuit filed by Blanca Mijares, represented by Moseley, against Solution

Painting, represented by defendant Robert Vaughn, and several other persons named as

defendants in that case (the "state court defendants").  *See generally* [Doc. No. 1-2] (citing to

Case No. 2019-08311 in the Circuit Court of Fairfax County).  [Doc. No. 1] (the "Complaint" or

"Compl.") ¶ 7; [Doc. No. 15-1] at 2.

On January 15, 2020, Judge Gardiner of the Circuit Court of Fairfax County issued an

order that, *inter alia*, dismissed the complaint and awarded $6,995 in sanctions against Mijares,

the state court plaintiff, and Moseley, payable within 90 days, for a variety of infractions,

---

[1] The Court construes Plaintiff's Response to Order Cancelling Oral Argument [Doc. No. 31] as a motion to stay. *See* [Doc. No. 31] at 3 ("WHEREFORE, the Plaintiff respectfully asks that the Court issue a stay of any action until the Court may act at its own time-table and available resources to come to the correct, well-reasoned, well-explained decision.").

[2] *See Greene v. Mullis*, 829 F. App'x 604, 605 (4th Cir. 2020) ("We may also consider authentic, relevant documents attached to the complaint and the motion  to dismiss, and take judicial notice of matters of public record, including court orders and filings "); *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 2020 WL 1545882, at *2 n.4 (E.D. Va. Mar. 31, 2020) ("Nonetheless, to the extent the Court need take judicial notice of the related agency or court decisions, it does so here.") (collecting cases); *see also Papasan v. Allain*, 478 U.S. 265, 2680 n.1 (1986) ("[O]n a motion to dismiss . . . we are not precluded in our review of the complaint from taking notice of items in the public record."); *Anderson v. Bolster*, 2020 WL 5097516, at *3 (E.D. Va. Aug. 27, 2020) ("With that said, in consideration of a motion  to dismiss, a court may take judicial notice of matters of public record such as court filings or records, without so converting the motion") (citing *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395 (4th Cir. 2006)).

including (1) Mijares' failure to provide truthful answers to interrogatories, and (2) Moseley's appearances before the court while his license to practice law was suspended.  [Doc. No. 1-2] at 21-22, 80-81.

On July 16, 2020, the Fairfax County Circuit Court issued another order finding Mijares and Moseley in contempt for failing to pay the previously awarded sanctions of $6,995 and gave them 20 days to purge their contempt by paying that amount.  Compl. ¶ 67; [Doc. No. 15-3]; *see also* [Doc. No. 1-2] at 29-36.  The court also awarded the state court defendants additional attorney's fees and directed that the state court defendants and Vaughn file an attorney's fees affidavit regarding those fees.  *Id.*  On July 22, 2020, the Circuit Court awarded additional attorney's fees of $3,500, due and payable within 60 days.  [Doc. No. 15-4].

Mijares and Moseley failed to comply with the Circuit Court's orders, and the Circuit Court issued a Rule to Show Cause against them, returnable on August 20, 2020.  Compl. ¶ 51; [Doc. No. 15-1] at 3.  When Moseley failed to appear at the hearing as ordered, the Circuit Court issued a capias for his arrest.  *Id.*  The capias was executed on August 28, 2020, which resulted in Moseley's incarceration for six days.  Compl. ¶¶ 2, 51, 70, 81, 211, 218; [Doc. No. 15-1] at 3. Moseley was ultimately released after posting bond.  [Doc. No. 15-1] at 3.

Moseley filed a Petition for Writ of Prohibition in the Supreme Court of Virginia against "Judge Michael Gardner" and Solution Painting in an attempt to stop the enforcement of the contempt orders against him on the grounds that the orders were "ultra vires."  Compl. ¶¶ 20-21; [Doc. No. 15-1] at 4; [Doc. No. 15-5].  On September 18, 2020, the Supreme Court of Virginia issued an opinion denying the writ because

> [t]he circuit court has subject matter jurisdiction over the underlying civil litigation, Code § 17.1-513, and Judge Gardiner was within his authority to enter the contempt order. Therefore, a writ of prohibition does not lie as to Judge Gardiner.

Compl. ¶¶ 20-21; [Doc. No. 15-1] at 4; [Doc. No. 15-5].

On October 21, 2020, Plaintiff filed in this action his 239 paragraph "Sworn and Verified Complaint against Conspiracy to Violate Civil Rights and Companion Request to Certify a Class Action" on behalf of "all persons who have been found by a judgment or order of the Fairfax County Circuit Court to owe money or a debt in any civil [sic] payable to any private, third-party, other than for the exception of domestic relations (child support or spousal support obligations or other dependent person support)." Compl. at 2. Joined as Defendants are "Judge Michael Gardner,"[3] Robert Vaughn, and Solution Painting Inc. The Complaint asserts the following causes of action:

(1) An injunction against imminent deprivation of civil rights under color of state law, pursuant to 42 U.S.C. § 1983 (First Cause of Action);

(2) Declaratory judgment "to clarify Plaintiff's rights to not be arrested and imprisoned for being unable to pay a civil debt owed to a private, third party and to declare the obligations and to guide Plaintiff in obeying the law without surrendering or sacrificing his constitutional rights, civil rights, and legal rights." (Second Cause of Action);

(3) Deprivation of civil rights under color of state law pursuant to 42 U.S.C. § 1983 (Third Cause of Action);

(4) Fifth Amendment violations under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (also labeled Third Cause of Action);

---

[3] Plaintiff incorrectly named Judge Gardiner as "Judge Michael Gardner" in the Complaint, rather than his correct name, Richard E. Gardiner, and filed several proposed summonses directed to "Judge Michael Gardner," *see* [Doc. Nos. 1-4, 6, 8-9]. Plaintiff requested leave to correct the "misspelling" in a Motion to Amend to Correct Misnomer, [Doc. No. 12], which the Court granted; and the Court granted Plaintiff leave to "file an amended complaint as a separate docket entry." [Doc. No. 14]. To date, Plaintiff has not filed an amended complaint with Judge Gardiner's correct name.

4

(5) Intentional infliction of emotional distress under Virginia state law (Fourth Cause of Action); and

(6) Civil conspiracy in violation of Va. Code 18.2-499 and 500 (Fifth Cause of Action). *See generally* Compl.

Plaintiff requests an *ex parte* temporary restraining order, temporary injunction, a permanent injunction, attorney's fees pursuant to 42 U.S.C.§ 1988, direct and consequential damages in the amount of at least $50,000, and punitive and/or exemplary damages in the amount of up to $250,000.

Following the filing of the Complaint in this action, proceedings continued against Moseley in the state court action.  On October 28, 2020, the Circuit Court entered an order reaffirming its July 22, 2020 award of attorney's fees of $3,500, found Moseley in contempt for failing to appear on August 20, 2020, and also found him again in contempt for failing to comply with the Court's July 16, 2020 order awarding sanctions in the amount of $6,995.  [Doc. No. 15-1] at 4; [Doc. No. 15-6].  The Circuit Court allowed Moseley an additional thirty days to purge himself of contempt by paying reasonable sums to counsel for the state defendants and awarded additional fees related to the ongoing show cause proceedings.  [Doc. No. 15-1] at 4-5; [Doc. No. 15-6].  A hearing was scheduled for November 19, 2020 to review the status of Moseley's compliance but that hearing was cancelled based upon Moseley's claim that he had tested positive for COVID-19 on November 17, 2020.  [Doc. No. 15-1] at 4-5; [Doc. No. 15-7].  Thus, as can be determined from the present record, the October 28, 2020 Circuit Court order— encompassing its orders after July 16, 2020—remains in effect and Moseley's obligations thereunder outstanding.  *See* Compl. ¶¶ 7, 170; [Doc. No. 15-1] at 5 ("The November 19th hearing was removed from the docket based upon Moseley's claim that he had tested positive for

5

COVID-19. []As of this time, the hearing has not been rescheduled, but the matter remains on the active docket of the Court and is ongoing.").

On December 1, 2020, Defendants Vaughn and Solution Painting filed their Motions to Dismiss for Failure to State a Claim under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim [Doc. Nos. 15-16]; and on January 22, 2021, Defendant Judge Gardiner filed his Motion to Dismiss [Doc. No. 22].  The Defendants have fully briefed the motions, *see* [Doc. Nos. 20, 27, 29, 33]; and Plaintiff filed an opposition to these motions, *see* [Doc. Nos. 19-20, 26-27, 29-30], and also a Request for Entry of Default as to Defendant Richard Gardiner [Doc. No. 21], Motion to Strike and Motion for Sanctions Concerning Defendants' Vaughn and Solution Painting Motion to Dismiss [Doc. No. 25], and Response to Order Cancelling Oral Argument [Doc. No. 31].

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of jurisdiction over the subject matter.  A plaintiff bears "the burden of proving that subject matter jurisdiction exists."  *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.,* 166 F.3d 642, 647 (4th Cir. 1999).  In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  166 F.3d at 647 (internal citation omitted).  A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (internal citation omitted).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) is an assertion by a defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of

6

law "to state a claim upon which relief can be granted."  Thus, a claim should be dismissed only "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true" and construing the complaint liberally in favor of the plaintiff, "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see also Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001).

In addition, unless otherwise required, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8; *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 11378791, at *1 (E.D. Va. May 23, 2008) (applying Rule 8's pleading standards to counterclaims).  However, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face").

### III.   ANALYSIS

#### A.  Defendants Vaughn and Solution Painting's Motions to Dismiss for Failure to State a Claim under Rules 12(b)(1) and 12(b)(6)

Defendants Vaughn and Solution Painting claim that (1) this Court lacks subject matter jurisdiction over all of Moseley's claims by operation of the *Rooker–Feldman* doctrine, and (2) the Court is barred from becoming involved in an ongoing state court proceeding under the *Younger* abstention doctrine.  In the alternative, Defendants contend that Moseley's federal causes of action, the First, Second and both Third Causes of Action, fail to state a claim for

7

which relief can be granted because neither Vaughn nor Solution Painting is a person or entity acting under color of state law or a federal officer and therefore can be subject to liability under § 1983 or *Bivens*. Additionally, Defendants recommend the Court decline to exercise supplemental jurisdiction over Moseley's state law claims if the federal claims fail, or in the alternative, dismiss those claims for failure to state a claim.

The *Rooker–Feldman* doctrine is based upon the holdings of the Supreme Court in *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The basic notion behind this doctrine is that federal district courts do not have appellate jurisdiction to review the decisions of state courts because that appellate jurisdiction is vested exclusively in the United States Supreme Court.  However, the doctrine operates to deprive a district court of subject matter jurisdiction only in a narrow set of circumstances, specifically in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005); *see also Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006).  In *Davani v. Virginia Dep't of Transp*., 434 F.3d 712, 713 (4th Cir. 2006), the Fourth Circuit held that "the *Rooker–Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."  That is, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself.  If he is not challenging the state-court decision, the *Rooker–Feldman* doctrine does not apply."  434 F.3d at 718.

Under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, a federal court must abstain from interfering in state proceedings, even if jurisdiction exists, if the following three factors are present: "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008).  The principle of "comity" underlying *Younger* includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger,* 401 U.S. at 44.  But *Younger* abstention is not appropriate if the litigant will not be afforded an adequate opportunity to litigate constitutional claims in the state proceedings. *Middlesex County Ethics Comm*, 457 U.S. at 432.  Under the second prong, *Younger* mandates "abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). When evaluating this prong, the court looks to "the importance of the generic proceedings to the State," not to the specific concern of the particular proceeding. S*ee New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 365 (1989).

Moseley's federal causes of action against Vaughn and Solution Painting are all predicated solely on the Circuit Court's decision to impose, *inter alia*, sanctions and orders of

9

contempt, which ultimately resulted in his incarceration for six days. Compl. ¶¶ 1-2 ("Plaintiff sues Defendants for violating Plaintiff's civil rights . . . for not paying a civil debt to a third, private party that he cannot pay."); *id.* ¶ 177 ("Every official debt is a court order, even if called a judgment."); *id.* ¶ 7 ("[A]t a hearing scheduled for October 22, 2020, Defendants Vaughn and his client Solution Painting, Inc., are asking Judge Gardiner to further imprison the Plaintiff for not paying this civil debt (***not*** for domestic relations).") (alteration in original). Additionally, as Plaintiff concedes, the January 15, 2020 Circuit Court order became a final order, and the Supreme Court of Virginia issued its decision on September 18, 2020, with respect to his contempt citation, all before the filing of this action, with proceedings relating to the Circuit Court's October 28, 2020 order still ongoing. *See* Compl. ¶ 96 n.5 ("However, by then the January 15, 2020, Order had become final and the Fairfax County Circuit Court no longer had jurisdiction to modify the January 15, 2020, Order.); *id.* ¶ 7 ("Now at a hearing scheduled for October 22, 2020, Defendants Vaughn and his client Solution Painting, Inc., are asking Judge Gardiner to further imprison the Plaintiff for not paying his civil debt . . . ."); [Doc. No. 15-1] at 5 ("The November 19th hearing was removed from the docket based upon Moseley's claim that he had tested positive for COVID-19. []As of this time, the hearing has not been rescheduled, but the matter remains on the active docket of the Court and is ongoing.").

The proper forum for Plaintiff to present his claims is the Virginia judicial system, where he has had the opportunity to contest the sanctions against him, present his own claims and appeal any of the Circuit Court's rulings, which he has done on at least one occasion to the Supreme Court of Virginia. Compl. ¶¶ 20-21; [Doc. No. 15-1] at 4; [Doc. No. 15-5]. Moseley's claims in this Court are "effectively a collateral attack on a state court sanctions ruling," and as such, the Court is barred by the *Rooker–Feldman* doctrine. *Lepelletier v. Tran*, 633 F. App'x

10

126, 127 (4th Cir. 2016).  His constitutional challenges to ongoing state-court contempt proceedings related to the sanctions order are also properly the subject of abstention under *Younger* since "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges."  *Nivens,* 444 F.3d at 241; *see also Lepelletier*, 633 F. App'x at 127 (collecting cases).  Plaintiff's claims under Section 1983 and *Bivens* must also be dismissed against Vaughn and Solution Painting since neither is a person acting under the color of state law or a federal officer.

Finally, plaintiff's state law claims in the Fourth and Fifth Causes of Action must also be dismissed for failure to state a claim.  First, both claims are based entirely on Defendants' statements and requests during in court proceedings before Judge Gardiner or in related court filings and therefore are based on statements that are absolutely privileged and cannot support as a matter of law Plaintiff's claim for either intentional infliction of emotional distress or business conspiracy.  *See Lindeman v. Lesnick*, 268 Va. 532, 537 (2004) ("Absolute privilege, sometimes called judicial privilege, is broad in scope and applies to communications made in proceedings pending in a court or before quasi-judicial body.  If the communication is made in such a judicial proceeding, it need only be relevant and pertinent to the case to be protected by the privilege . . . . In addition, absolute privilege is extended to statements made in the course of judicial proceedings because of the safeguards that exist in such proceedings, including liability for perjury and the applicability of the rules of evidence.") (internal citations omitted); *see also Donohoe Const. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 537–39 (1988) ("The reason for the rule of absolute privilege in judicial proceedings is to encourage unrestricted speech in litigation.").

Moreover, even without the preclusive effect of the judicial privilege, Plaintiff has failed to state a claim under either the Fourth or Fifth Cause of Action.  For example, with respect to his Fourth Cause of Action for intentional infliction of emotional distress, Plaintiff has failed to allege, even in conclusory fashion, several elements of that claim, including that Defendants engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" or that he had experienced emotional distress "so severe that no reasonable person could be expected to endure it." *Harris v. Kreutzer*, 271 Va. 188, 204–205 (2006).  As for his conspiracy claim in the Fifth Cause of Action, he has failed to allege when, how, or the illegal purpose for which the conspiracy was formed or the improper means by which the conspiracy was pursued.  More generally, Plaintiff has failed to allege any facts that make plausible any of the elements of either claim.

**B. Defendant Judge Gardiner's Motion to Dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5)**

Defendant Judge Gardiner argues that under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, the Court lacks personal jurisdiction over him because he has never been correctly named or served with a summons in which he is correctly named.  [Doc. No. 23] at 1.  Alternatively, Judge Gardiner contends he is "entitled to Eleventh Amendment immunity in his official capacity and absolute judicial immunity in his individual capacity" because the "claims arise exclusively from Judge Gardiner's role as the presiding judge in a civil case pending in the Circuit Court of Fairfax County, Virginia."  [Doc. No. 23] at 1 n.2; s*ee generally* [Doc. Nos. 29-30] (Moseley does not contest this assertion in his opposition).

Plaintiff's claims against Judge Gardiner arise out of a sitting state judge's judicial functions.  For the purposes of Plaintiff's alleged claims, "[it] has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."  *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Briggman,* 526 F. Supp. 2d at 602 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")).  Under the facts alleged and the relief sought, Judge Gardiner is also immune from any claims for declaratory relief under § 1983, and otherwise.  *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Lepelletier*, 633 F. App'x at 127 ("His claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity also were barred by the plain language of 42 U.S.C. § 1983 (2012).").  Because Judge Gardiner is completely immune from suit in both his official and individual capacities, this action will be dismissed against him in its entirety.

## C. Plaintiff Moseley's Request for Class Certification, State Law Claims, Request for Entry of Default as to Defendant Richard Gardiner, and Other Motions

Given the Court's rulings set forth above, Plaintiff's pending motions for various other forms of relief—i.e. class action certification, entry of default judgment [Doc. No. 21], motions to strike and sanctions [Doc. No. 25], and what the Court construes as a motion to stay [Doc. No. 31]—will be denied as moot.  *See, e.g., Lee v. Dir., Dep't of Corr.*, 2015 WL 3819776, at *1 (E.D. Va. June 15, 2015), *dismissed sub nom. Lee v. Unknown*, 623 F. App'x 97 (4th Cir. 2015) (granting motion to dismiss, thus the "pending motions for various forms of relief . . . will be

13

denied, as moot."); *Bey v. Virginia*, 2014 WL 1233443, at *13 (E.D. Va. Mar. 20, 2014), *aff'd sub nom. Bey, ex rel. Graves v. Commonwealth*, 579 F. App'x 164 (4th Cir. 2014) (same);

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendants Vaugh and Solution Painting, Inc's Motions to Dismiss for Failure to State a Claim [Doc. Nos. 15-16] be, and the same hereby are, **GRANTED;** and it is further

ORDERED that Defendant Judge Richard Gardiner's Motion to Dismiss [Doc. No. 22] be, and the same hereby is, **GRANTED**; and it is further

ORDERED that Plaintiff Jonathon A. Moseley's Request for Entry of Default as to Defendant Richard Gardiner [Doc. No. 21], Motion to Strike and Motion for Sanctions Concerning Defendants' Vaughn and Solution Painting Motion to Dismiss [Doc. No. 25], and Response to Order Cancelling Oral Argument [Doc. No. 31] be, and the same hereby are, **DENIED** as moot; and it is further

ORDERED that this action is **DISMISSED**.

**This is a Final Order for purposes of appeal.**  To appeal, Plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order.  A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the Court.

The Clerk is directed to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P, 58 and forward copies of this Order to *pro se* Plaintiff Jonathon A. Moseley, at the address listed in the Complaint, and to all counsel of record.

14

_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 21, 2021

15