IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JONATHON A. MOSELEY,               )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      Civil Action No. 1:20cv1248 (AJT/JFA)
                                   )
JUDGE RICHARD E. GARDINER, *et al.*, )
                                   )
            Defendants.            )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on defendants Robert L. Vaughn's and Solution Painting,

Inc.'s (collectively "movants") motions[1] for sanctions requesting 1) a monetary penalty of at

least $10,000.00; 2) an award of attorney's fees and costs in the amount of $8,820.00; 3) an order

setting a date certain by which plaintiff Jonathon A. Moseley ("plaintiff") must pay the sanctions

or face further enforcement action by this Court; and 4) an order prohibiting plaintiff from filing

any further action in this Court against movants without prior permission from a judge of this

Court. (Docket nos. 36-1 at 4, 36-3 at 2, 38-1 at 4, 38-3 at 2).  Given that this is a post-judgment

proceeding involving a request for monetary sanctions under Rule 11, the undersigned magistrate

---

[1] Movants filed two identical joint motions for sanctions.  (Docket nos. 36, 38).

judge is filing with the Court his proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C), a copy of which will be provided to all interested parties.[2]

### Procedural Background

On October 21, 2020, plaintiff filed a complaint against defendants Robert L. Vaughn, Solution Painting, Inc. (movants), and Judge Richard E. Gardiner ("Judge Gardiner").[3] (Docket no. 1). On November 24, 2020, movants sent plaintiff an email with an attached motion for sanctions demanding plaintiff withdraw the complaint. (Docket no. 36-2). Plaintiff never withdrew the complaint. Movants filed identical motions to dismiss on December 1, 2020. (Docket nos. 15–16). On December 10, 2020, movants noticed the hearing on the motions to dismiss for January 13, 2021.[4] (Docket no. 18). On December 29, 2020, plaintiff filed an opposition to movants' motions to dismiss and an opposition to movants' (at that time, unfiled) motions for sanctions.[5] (Docket nos. 19–20). On January 22, 2021, defendant Judge Gardiner filed a motion to dismiss, memorandum in support, and waiver of oral argument. (Docket nos. 22–24). On January 11, 2021, plaintiff filed a motion to strike and for sanctions, and memoranda

---

[2] Although not directly addressed by the Fourth Circuit, other Courts of Appeals have held that a magistrate judge does not have authority to enter an order for Rule 11 monetary sanctions. *See Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994); *Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.2d 995, 997–98 (6th Cir. 1992); *see also Kiobel v. Millson*, 592 F.3d 78, 84–90 (2d Cir. 2010) (Cabranes, J., concurring); *but see Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990); *Giganti v. Gen-X Strategies*, 222 F.R.D. 299, 304–05 & n.9 (E.D. Va. 2004). The magistrate judge jurisdictional issue is further complicated because these motions for sanctions are post-judgment requests and 28 U.S.C. § 636(b)(1)(A) refers to pretrial matters. *Cf. Reddick v. White*, 456 Fed. Appx. 191, 193–94 (4th Cir. 2011).

[3] Plaintiff originally filed the complaint against Judge "Michael Gardner" of the Fairfax County Circuit Court of Virginia, but later filed a motion to amend the complaint to correct the judge's name, which was granted. (Docket nos. 1, 12, 14).

[4] Movants originally attempted to notice the hearing for December 16, 2020. (Docket no. 17).

[5] Plaintiff's oppositions were merely notices of opposition to the motions. (*See* Docket nos. 19–20). Plaintiff also filed a request for entry of default as to defendant Judge Gardiner on December 29, 2021, which was denied as moot on May 21, 2021. (Docket nos. 21, 34).

of law in opposition to movants' motions for sanctions and motions to dismiss. (Docket nos. 25–27). On the same day, the Court cancelled the hearing on movants' motions to dismiss, determining that the motions would be decided on the papers and a hearing would be scheduled only if needed. (Docket no. 28). On January 13, 2021, plaintiff filed an opposition to defendant Judge Gardiner's motion to dismiss, a memorandum of law in opposition to defendant Judge Gardiner's motion to dismiss, and a response to the order cancelling oral argument that the Court interpreted as a motion to stay. (Docket nos. 29–31, 34 at 2 n.1). On January 16, 2021, plaintiff filed a sworn declaration of affidavit of service asserting defendant Judge Gardiner was properly served. (Docket no. 32). On January 19, 2021, defendant Judge Gardiner filed a reply to plaintiff's pleadings in opposition to his motion to dismiss. (Docket no. 33).

On May 21, 2021, the Court granted movants' motions to dismiss and defendant Judge Gardiner's motion to dismiss; denied as moot plaintiff's response to order cancelling oral argument and plaintiff's motion to strike and for sanctions; and directed the Clerk of Court to enter judgment in favor of defendants, which the Clerk did that day. (Docket nos. 34 at 14, 35). On May 25, 2021, movants filed motions for sanctions and notices of hearing for Wednesday, June 30, 2021 at 10:00 a.m. (Docket nos. 36–39). The Court later continued the hearing on the motions for sanctions to Friday, July 2, 2021 at 10:00 a.m. (Docket nos. 44–45). On June 11, 2021, plaintiff filed an opposition to the motions for sanctions.[6] (Docket no. 41). On June 29, 2021, plaintiff filed a motion to continue the hearing on the motions for sanctions and for an extension of time to file a response, which the Court granted that day. (Docket nos. 47–48). The

---

[6] This was merely a notice of plaintiff's opposition to the motions for sanctions. (*See* Docket no. 41). Plaintiff had previously filed a memorandum of law in opposition to the motions for sanctions on January 11, 2021, and untimely filed another memorandum of law in opposition to the motions for sanctions on July 15, 2021. (Docket nos. 26, 49).

Court also ordered that Robert L. Vaughn, appearing on his own behalf and on behalf of defendant Solution Painting, Inc., could appear at the hearing by telephone but that plaintiff had to appear in person. (Docket no. 48). Plaintiff untimely filed a memorandum of law in opposition to movants' motions for sanctions on July 15, 2021. (Docket no. 49). On July 16, 2021, this case was called in open court and Robert L. Vaughn appeared by telephone on his own behalf and for defendant Solution Painting, Inc., and plaintiff appeared in person.

### Factual Background

The following facts are mainly recited from the Court's May 21, 2021 order. (Docket no. 34). Mr. Moseley, the plaintiff in this federal case, represented Blanca Mijares in state court proceedings in the Circuit Court of Fairfax County in her claims against Solution Painting, Inc., which was represented by Robert L. Vaughn. (Docket no. 34 at 2). On January 15, 2020, Judge Gardiner dismissed Ms. Mijares's complaint and awarded $6,995 in sanctions against Ms. Mijares and Mr. Moseley, payable within ninety (90) days, in part because of Ms. Mijares's failure to provide truthful answers to interrogatories and Mr. Moseley's appearances before the state court while his license to practice law was suspended. Id. at 2–3. On July 16, 2021, Judge Gardiner issued another order finding Ms. Mijares and Mr. Moseley in contempt for failing to pay the $6,995 in sanctions and gave them twenty (20) days to pay the $6,995 to purge their contempt.[7] Id. at 3. Ms. Mijares and Mr. Moseley failed to comply with Judge Gardiner's orders, and on August 11, 2021, Judge Gardiner ordered Mr. Moseley to appear at a hearing on August 20, 2020 regarding his and Ms. Mijares's failure to comply with the orders. (Id.; Docket

---

[7] Judge Gardiner also awarded $3,500 in attorney's fees to the state court defendants shortly thereafter, payable within sixty (60) days. (Docket no. 34 at 3).

no. 15-6 at 1).  After failing to appear, Judge Gardiner issued a capias for Mr. Moseley's arrest, which resulted in his incarceration for six days.  (Docket nos. 15-6 at 1–2, 34 at 3).

Mr. Moseley filed a petition for Writ of Prohibition in the Supreme Court of Virginia against Judge Gardiner and Solution Painting, Inc. to stop the enforcement of the contempt orders against him.  (Docket no. 34 at 3).  On September 18, 2020, the Supreme Court of Virginia issued an opinion denying the writ, finding the Fairfax County Circuit Court had jurisdiction over the underlying civil litigation and that Judge Gardiner was within his authority to enter the contempt order.  *Id.*  On October 21, 2020, plaintiff filed the complaint in this Court that is the subject of these motions for sanctions.  (Docket no. 1).  The complaint alleged a conspiracy to violate civil rights and requested certification of a class action on behalf of anyone found by a judgment or order of the Fairfax County Circuit Court to owe money or a debt payable to any private third party, other than for domestic relations related issues.  *Id.* at 2.  Plaintiff alleged, among other things, intentional infliction of emotional distress, civil conspiracy, and deprivation of civil rights under color of state law pursuant to 42 U.S.C. § 1983 as well as a *Bivens* claim.  *Id.* at 29–41.  Plaintiff sought compensatory and punitive damages, injunctive and declaratory relief, attorney's fees, and costs.  *Id.* at 41–42.  On October 28, 2020, Judge Gardiner entered an order in the state court proceedings reaffirming his July 22, 2020 award of attorney's fees of $3,500 and finding plaintiff in contempt for failure to pay the $6,995 in sanctions awarded on July 16, 2020.  (Docket no. 34 at 5).

In this action, this Court dismissed plaintiff's 42 U.S.C. § 1983 and *Bivens* claims against movants because neither were a federal officer or acting under color of state law.  *Id.* at 11.  Plaintiff's civil conspiracy and intentional infliction of emotional distress claims were dismissed because they were based entirely on statements and requests made during state court proceedings

5

before Judge Gardiner or in related state court filings, meaning the statements and requests are absolutely privileged and could not support as a matter of law plaintiff's conspiracy and emotional distress claims. *Id.* This Court further held that even without considering the effect of judicial privilege, plaintiff still would have failed to state a claim for intentional infliction of emotional distress or civil conspiracy. *Id.* at 12. This Court found plaintiff had "failed to allege, even in conclusory fashion, several elements of [the emotional distress] claim"; and had "failed to allege when, how, or the illegal purpose for which the purported conspiracy was formed or the improper means by which the conspiracy was pursued." *Id.*

## Proposed Findings

*The "Safe Harbor" Provision of Federal Rule of Civil Procedure 11*

A threshold issue in any Rule 11 motion is the "safe harbor" provision requiring notice to the offending party and a twenty-one (21) day waiting period prior to the filing of the motion in which a sanction-worthy argument or assertion may be withdrawn or corrected. Fed. R. Civ. P. 11(c)(2). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Plaintiff was served[8] with a safe harbor letter and a proposed motion for sanctions describing the specific conduct that allegedly violated Rule 11. The November 24, 2020 email

---

[8] Plaintiff was served by email. (Docket no. 36-2 at 1). Any concern regarding service is rendered nugatory by the fact that plaintiff filed an opposition and a memorandum of law in opposition to the motions for sanctions in December 2020 and January 2021, months before the motions for sanctions were filed. (*See* Docket nos. 19, 26, 36, 38).

movants sent to plaintiff included an attached motion for sanctions under Rule 11 asserting plaintiff's complaint lacked any legal or factual basis and was an effort to avoid paying sanctions imposed in Fairfax County Circuit Court. (Docket no. 36-2 at 2). Movants specifically identified the emotional distress and civil conspiracy claims as lacking any possible plausible basis, noting that their actions related to the state court proceedings and were therefore privileged ("cloaked with immunity") as this Court subsequently held. *Id.* Plaintiff had more than twenty-one (21) days in which he could have withdrawn his complaint prior to the motions for sanctions being presented to the Court. Movants did not file their motions for sanctions until May 25, 2021, significantly more than twenty-one (21) days after they served plaintiff with their unfiled motion for sanctions. (Docket nos. 36, 38). Accordingly, the safe harbor provision in Rule 11 has been satisfied.

Plaintiff argues the safe harbor provision was not satisfied because movants filed their motions for sanctions after the conclusion of the case. (Docket no. 49 at 3–6) (citing *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 384, 389–90 (4th Cir. 2004)). This District has directly addressed this issue. The court in *Giganti v. Gen-X Strategies* held that "a sanctions motion *served* after conclusion of the case must be denied, [but] it is nonetheless clear, even after *Brickwood*, that sanctions may be granted when a sanctions motion is *filed* after conclusion of the case, provided it is served at least twenty-one days prior to filing and conclusion of the case." 222 F.R.D. 299, 308 (E.D. Va. 2004) (footnotes omitted). Plaintiff was served with the motions on November 24, 2020. (Docket no. 36-2 at 2). Summary judgment was granted for defendants, and the case was closed, on May 21, 2021. (Docket nos. 34–35). Accordingly, movants were not untimely in filing their motions for sanctions after the conclusion of the case and the safe harbor provision was not violated.

7

*Sanctions under Rule 11*

The basic requirement of Rule 11 is that an unrepresented party must perform a "prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005). Under Rule 11, a litigant presenting a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for an improper purpose, the legal contentions are "warranted by existing law," and the factual allegations are supported by the evidence. Fed. R. Civ. P. 11(b). When evaluating whether legal or factual contentions are supported by law, the court must examine the pleading under an objective reasonableness standard. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). The party moving for Rule 11 sanctions has the burden of proving a violation of Rule 11; once that burden is met, it shifts to the responding party to prove that his conduct was reasonable.

Fed. R. Civ. P. 11(b)(1) states that a party represents that a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2) states that a party represents that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." A Rule 11(b)(3) violation is found "where there is no factual support for the asserted claims." *Abbott v. Suntrust Mortg., Inc.*, 2009 WL 971267, at *4 (E.D. Va. Apr. 8, 2009). Litigants proceeding *pro se* may be sanctioned under Rule 11(b) for filing frivolous pleadings that lack any factual support. *Id.*

The Advisory Committee note to Rule 11 cautions against "using the wisdom of hindsight" and emphasizes that pleadings should be tested "by inquiring what was reasonable to

8

believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11

Advisory Committee's Note, 97 F.R.D. 165, 199 (1983). "A fact allegation lacks evidentiary

support when it is 'unsupported by *any* information obtained prior to filing.'" *Vuyyuru v.

Jadhav*, 2011 WL 1483725, at *22 (E.D. Va. Apr. 19, 2011) (quoting *Brubaker v. City of

Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). "To be reasonable, the prefiling factual

investigation must uncover some information to support the allegations in the complaint."

*Brubaker*, 943 F.2d at 1373.

Sanctions are mandatory if the court finds that there was no objectively reasonable basis

for the claims; however, "the determination of what [sanction] is 'appropriate' is still a matter

left to the sound discretion of the district court." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir.

1987). The Rule limits the sanctions available to "what suffices to deter repetition of the conduct

or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also In re

Kunstler*, 914 F.2d 505, 522–23 (4th Cir. 1990) (stating that the primary purpose of Rule 11 is to

deter future litigation abuse). "In choosing a sanction '[t]he basic principle . . . is that the least

severe sanction adequate to serve the purpose should be imposed.'" *Cabell*, 810 F.2d at 466

(*citing* Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look*, 104 F.R.D. 181,

201 (1985)).

A sanction under Rule 11 may include non-monetary directives, an order to pay a penalty

into court, or an order to pay the reasonable attorney's fees resulting from the violation. Fed. R.

Civ. P. 11(c)(4). However, the Fourth Circuit has cautioned that Rule 11 "should not blindly be

used to shift fees," *Kunstler*, 914 F.2d at 522, and *pro se* pleadings are "granted a degree of

indulgence not extended to lawyers when determining whether to impose monetary sanctions."[9]
*Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997).

### Liability for Sanctions Under Rule 11

Movants argue that 1) plaintiff filed the complaint for improper purposes, including to harass movants, cause unnecessary delay in state court proceedings, and unduly increase movants' litigation costs; 2) plaintiff's claims and other legal contentions in the complaint are not well grounded in fact or law; and (2) plaintiff's factual contentions have no evidentiary support. (Docket no. 36-1 at 3–4).[10]

A reasonable person in plaintiff's position would be aware of the potential for sanctions if meritless pleadings were filed in this Court. Plaintiff was put on notice of the Rule 11 prohibition on filing pleadings without support in fact or law as early as November 24, 2020, when he received movants' email. (Docket no. 36-2). Plaintiff even filed his opposition to the, at that time unfiled, motions for sanctions on December 29, 2020, and filed a memorandum of law in opposition to the, at that time still unfiled, motions for sanctions on January 11, 2021. (Docket nos. 19, 26). Furthermore, plaintiff knew of the danger of sanctions because this entire case arises from contempt orders for plaintiff's failure to comply with sanctions orders, and other orders, in state court proceedings. (*See* Docket nos. 1, 15-6).

A review of the record in this case establishes that plaintiff violated Rule 11(b)(1), (2), and (3) by: 1) filing the complaint for improper purposes; 2) making claims and legal contentions

---

[9] Although plaintiff is representing himself, he is also a lawyer. (*See generally* Docket no. 1).

[10] Because the memoranda in support of the motions for sanctions, and accompanying exhibits, are identical, only those attached to Docket no. 36 are cited. (*See* Docket nos. 36-1–3, 38-1–3).

unwarranted by existing law[11]; and 3) by lacking any evidentiary support or the likelihood of evidentiary support for many of his factual contentions.  Plaintiff's complaint is based on his core assertion that he was imprisoned for his inability and failure to pay a debt to a third party, which plaintiff alleges was unconstitutional.  (*See generally* Docket no. 1).  Plaintiff was not imprisoned for failure to pay a debt to a third party.  Plaintiff was imprisoned for failing to appear before the Fairfax County Circuit Court on August 20, 2020 after being ordered to do so by that court on August 11, 2020.  (Docket no. 15-6 at 1–2).  Furthermore, this Court has already held that plaintiff's 42 U.S.C. § 1983 and *Bivens* claims against movants were never viable because movants were never acting under the color of state law nor were they federal officers, as any reasonable investigation prior to filing the complaint would have uncovered; plaintiff failed to even allege facts that could plausibly satisfy the elements of his emotional distress claim or conspiracy claim, much less provide any evidentiary support; and his civil conspiracy and emotional distress claims could not have been viable anyway because they were based on statements and requests validly made in a state court proceeding, rendering them absolutely privileged.  (Docket no. 34 at 11–12).  Accordingly, the undersigned recommends a finding that plaintiff's factual allegations lacked any evidentiary support and his legal contentions and claims are unwarranted by existing law.  Given that plaintiff's factual allegations lacked any evidentiary support, and his legal contentions and claims are unwarranted by existing law, the undersigned also recommends a finding that plaintiff asserted these claims to unnecessarily delay the underlying state court proceedings in which plaintiff had been ordered to pay $6,995 in

---

[11] Plaintiff does not appear to be attempting to change or modify existing law, but even if he was, his claims would be frivolous for the same reasons discussed below.

sanctions, and to harass those he had been ordered to pay by unnecessarily increasing their litigation costs.[12]

For these reasons the undersigned recommends a finding that plaintiff has violated Rule 11(b)(1), (2), and (3) by filing a complaint based on the false assertion that he was imprisoned for failing to pay a debt owed to a third party, with nonviable legal contentions untethered to any factual bases, for the improper purposes of unnecessarily delaying his payment of sanctions ordered in a state court, harassing movants, and unnecessarily increasing movants' litigation costs.

### Sanctions Award

Movants request monetary sanctions in the amount of a penalty of $10,000.00, plus attorney's fees in the amount of $8,820.00; and non-monetary penalties of a date certain by which plaintiff is to pay the sanctions or face further enforcement action, and an order prohibiting plaintiff from filing any further action in this Court against movants without prior permission from a judge of this Court. (Docket nos. 36-1 at 4, 36-3 at 2). In determining whether to order sanctions, this Court has noted that "Rule 11 sanctions serve many purposes, including punishing the violating party, compensating the victim of the violation, and, most importantly, deterring future violations." *Harmon v. O'Keefe*, 149 F.R.D. 114, 117 (E.D. Va. 1993) (citing *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990)). A non-monetary sanction may be imposed when necessary to deter future litigation abuse. *Abbott*, 2009 WL 971267, at *6.

---

[12] Plaintiff's memoranda of law in opposition to the motions for sanctions again repeat and rely on the false assertion that plaintiff was imprisoned for failing to pay a debt. (*See generally* Docket nos. 26, 49). Plaintiff also frames his complaint as being entirely prospective and mainly seeking declaratory relief. *See generally id.* In fact, plaintiff sought a temporary restraining order, injunctive relief, and compensatory and punitive damages based on his, as discussed, nonviable 42 U.S.C. § 1983, *Bivens*, emotional distress, and civil conspiracy claims. (Docket no. 1 at 41–42).

The goal is to impose "the least severe sanction adequate to serve the purposes of Rule 11." *Harmon*, 149 F.R.D. at 117 (quoting *Kunstler*, 914 F.2d at 522). The Fourth Circuit has identified several factors that should be considered in determining an appropriate sanction: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *Id.* (citing *Kunstler*, 914 F.2d at 523).

Application of these factors shows that a lesser amount than payment of the requested monetary penalty in addition to defendant Solution Painting, Inc.'s attorney's fees is appropriate. As described above, plaintiff violated three different Rule 11 requirements, each individually justifying sanctions, demonstrating a relatively severe Rule 11 violation. Under Rule 11(c)(4), the sanction may include "an order to pay a penalty into court; or . . . an award of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." A monetary penalty into court would not compensate the victim of the violation (although this litigation has wasted judicial resources) and there is evidence that plaintiff only has a limited ability to pay.[13] An award only of attorney's fees (movants did not provide any evidence of other litigation costs or expenses) is therefore more appropriate and should serve as an adequate deterrent for plaintiff to refrain from further violations of Rule 11.

Movants have sought $8,820 in attorney's fees as set forth in their declaration. (Docket no. 36-3). A review of the entries in the declaration reveals that $1,530 in fees were accrued on December 10, 2020 and January 19, 2021 related to state court proceedings, not this federal case. Attorney's fees should therefore be reduced by $1,530. Accordingly, the undersigned

---

[13] This litigation arises in part from plaintiff's original failure to pay $6,995 in sanctions awarded against him in state court. (Docket no. 1 ¶ 31). Furthermore, plaintiff was, at least for some time, suspended from the practice of law. (Docket no. 15-2 at 1).

recommends an award of attorney's fees in the amount of $7,290 based on the level of Rule 11 sanctionable conduct, the amount and reasonableness of the attorney's fees, the amount needed to deter, and plaintiff's ability to pay. The undersigned cannot recommend a date certain by which plaintiff must pay any monetary sanctions because the District Judge will ultimately decide whether to impose monetary sanctions. The undersigned also defers to the District Judge regarding whether to prohibit plaintiff from filing any further action in this Court against movants without prior permission from a judge of this Court.

**Recommendation**

For these reasons, the undersigned recommends a finding that plaintiff Jonathon A. Moseley has violated Rule 11 and that an appropriate sanction is for him to pay movants Robert L. Vaughn and Solution Painting, Inc. a total of $7,290.00.

**Notice**

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

ENTERED this 16th day of July, 2021.

                                               _____/s/_____

                                               John F. Anderson
                                               United States Magistrate Judge
                                               John F. Anderson
                                               United States Magistrate Judge

Alexandria, Virginia