IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JONATHON A. MOSELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-01248 (AJT/JFA) |
| | ) | |
| JUDGE RICHARD E GARDINER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CONTEMPT ORDER**

On October 21, 2020, Plaintiff Jonathon A. Moseley, an attorney authorized to practice in this court, filed on his own behalf a 42-page, 239 paragraph putative class action complaint [Doc. No. 1] against, among others, Fairfax County Circuit Court Judge Gardiner, who had held Moseley in contempt and otherwise sanctioned Moseley in connection with his representation of a plaintiff in a case pending before Judge Gardiner.  Joined as defendants in this action are the defendant, Solution Painting Inc., and its lawyer, Robert Vaughn, in that state court action ("the Defendants").  By Order dated May 21, 2021 [Doc. No 34], the Court dismissed the Complaint for failure to state a claim;[1] and by Order dated August 16, 2021 [Doc. No. 55], the Court ordered Moseley to pay $8,977.50 to Defendants within 30 days as a sanction for filing this action in violation of Fed. R. Civ. Proc. 11.[2]

---

[1] A detailed description of the state court proceedings is set forth in the Court's May 21, 2021 Order, which also denied Moseley's Motion for Default Judgment as to Judge Gardiner, [Doc. No. 21], Motion to Strike and Motion for Sanctions, [Doc. No. 25], and a Response to Order cancelling Oral Argument, [Doc. No. 31], which the Court construed as a motion to stay, and also the Magistrate Judge's Report and Recommendation concerning Rule 11 sanctions against Plaintiff [Doc. No. 51].  On June 11, 2021, Moseley filed a Notice of Appeal with respect to the May 21, 2021 Order, [Doc. No. 40], which the United States Court of Appeals for the Fourth Circuit dismissed on August 17, 2021 for failure to prosecute.  [Doc. No. 56].

[2] In its August 16, 2021 Order, the Court, after *de novo* review, overruled the Rule 72 objections filed by both the Plaintiff and the Defendants to the Magistrate Judge's Report and Recommendation, [Doc. No. 51], and adopted the Magistrate Judge's proposed findings, [Doc. No. 55], which included, in part, the following:

Moseley failed to pay that amount as ordered; and on October 13, 2021 the Defendants filed motions to hold Moseley in contempt.  [Doc. Nos. 62, 64].  Moseley had notice of those motions and the hearing scheduled on those motions for November 3, 2019.  On November 3, 2021, the Court held that scheduled and noticed hearing on Defendants' contempt motions, at which Moseley did not appear after the Court denied his motion to continue that hearing, [Doc. No. 68], and for which he did not otherwise submit any valid excuse for not appearing or his nonpayment in violation of the Court's August 16, 2021 Order.  Following that hearing, the Court granted Defendants' contempt motions and awarded additional attorney's fees in the amount of $1,500 in connection with Defendants' contempt motions.  [Doc. No. 70].  The Court then ordered Moseley to appear before the Court on November 5, 2021 at 10:00 am to show cause why he should not be held in contempt.  [Doc. No. 71].

Moseley did not appear as ordered at the hearing scheduled and noticed for November 5, 2021.  Rather, Moseley filed a Notice Concerning General Order 2021-13.  [Doc. No. 73].[3]  In it, Moseley advised that because he was not fully vaccinated against COVID-19, he would not

---

A review of the record in this case establishes that plaintiff violated Rule l(b)(l), (2), and (3) by: 1) filing the complaint for improper purposes; 2) making claims and legal contentions unwarranted by existing law; and 3) by lacking any evidentiary support or the likelihood of evidentiary support for many of his factual contentions (*See generally* Docket no. 1). Plaintiff was not imprisoned for failure to pay a debt to a third party. Plaintiff was imprisoned for failing to appear before the Fairfax County Circuit Court on August 20, 2020 after being ordered to do so by that court on August 11, 2020. (Docket no. 15-6 at 1-2). Furthermore, this Court has already held that plaintiff's 42 U.S.C. § 1983 and *Bivens* claims against movants were never viable because movants were never acting under the color of state law nor were they federal officers, as any reasonable investigation prior to filing the complaint would have uncovered; plaintiff failed to even allege facts that could plausibly satisfy the elements of his emotional distress claim or conspiracy claim, much less provide any evidentiary support; and his civil conspiracy and emotional distress claims could not have been viable anyway because they were based on statements and requests validly made in a state court proceeding, rendering them absolutely privileged. (Docket no. 34 at 11-12). Accordingly, the undersigned recommends a finding that plaintiff's factual allegations lacked any evidentiary support and his legal contentions and claims are unwarranted by existing law. Given that plaintiff's factual allegations lacked any evidentiary support, and his legal contentions and claims are unwarranted by existing law, the undersigned also recommends a finding that plaintiff asserted these claims to unnecessarily delay the underlying state court proceedings in which plaintiff had been ordered to pay $6,995 in sanctions and to harass those he had been ordered to pay by unnecessarily increasing their litigation costs.
[Doc. No. 51 at 10-12]
[3] On November 3, 2021, Moseley filed a Notice of Interlocutory Appeal with respect to the Court's Show Cause Order issued that day [Doc. No. 72].

appear at the show cause hearing scheduled for November 5, 2021 but "must, will, and consents

to in lieu of oral argument to presenting his responses in writing, waving oral argument, until

compliance with General Order 2021-13 is complete." [4] [Doc. No. 73] at 4.  In his written

response filed also on November 5, 2021, [Doc. No. 74], Moseley argued that the Court could

not enforce its August 16, 2021 Order through its contempt power, that the sums ordered by the

Court to be paid could only be recovered through collection efforts on a judgment by Defendants

in accordance with federal and state law collection remedies, and that under Fed. R. Civ. P. 58(e)

and 59(e), the Court lost jurisdiction to enforce that Order on September 7, 2021.

Following the November 5, 2021 hearing, the Court again ordered Moseley to appear on

November 12, 2021 at 10:00 am [Doc. No. 75], which date was subsequently continued to

November 16, 2021 at 10:00 am.  [Doc. No. 84].  On November 8, 2021, Moseley filed

Plaintiff's Rule 58 Demand for Entry of Judgment, [Doc. No. 82], in which he demanded that a

judgment be entered against him for the ordered amounts, if the Court determines that such a

judgment had not yet been ordered. On November 15, 2021, Moseley filed Plaintiff's Written

Response and Satisfaction of Court's Order to Show Cause of Same [Doc. No. 85],  in which he

argued that he was "inexplicably ordered . . . [to] show cause why he should be held in contempt,

for . . . Defendants failing to make use of the debt-collection procedures established both by

Federal law, the Federal Rules of Civil Procedure, and the laws of the forum the Commonwealth

of Virginia's General Assembly." [Doc. No. 85] at 1.[5]  He also filed Plaintiff's Amended

---

[4] General Order 2021-13 is directed to attorneys admitted to practice in this Court who are appearing on behalf of clients.  It is not directed to litigants, such as Moseley, appearing *pro se*, even though he is an admitted attorney. In any event, Moseley never sought clarification or relief with respect to the application of General Order 2021-13 (even though he represented that he had previously contracted and recovered from COVID-19, he was "confident" that he had natural immunity as a result of that infection and had tested negative on October 25, 2021).  Rather, he declared that he would not appear and was in the process of coming into compliance with that Order.  [Doc. No. 73] at 3-4.
[5] In this filing, Moseley repeated his contentions that (1) the Court could not enforce its August 16, 2021 Order through its contempt power, but only through the Defendants' efforts to collect on a judgment through federal and

Memorandum of Law on Illegality of Collecting Assessed Money Judgment by Contempt in Satisfaction of Court's Order to Show Cause, [Doc. No. 86], in which he again repeats his previously stated positions and also "waive[s] oral argument," which the Court construed as his consent to proceed in his absence.  The Court held the scheduled and noticed hearing on November 16, 2021, at which Moseley again failed to appear as ordered.

Based on the record before the Court, the Court finds and concludes that the Plaintiff Jonathon A. Moseley has willfully and contumaciously violated this Court's order dated August 16, 2021 without any valid excuse or justification, willfully and contumaciously failed to appear in Court on November 5 and 16, 2021 as ordered, [Doc. Nos. 71, 75, 84], without any valid excuse or justification and willfully and contumaciously engaged in conduct that violates his duties and responsibilities as an officer of this Court, including failing to obey Court orders to appear as required, upon consideration of which, it is hereby

ORDERED pursuant to Fed. R. Civ. Proc. 11 and 70, and this Court's inherent power to enforce its orders, that Jonathon A. Moseley be, and the same hereby is, adjudicated in CONTEMPT of this Court's Orders dated August 16, 2021 [Doc. No. 55], November 3, 2021 [Doc. No. 71] and November 5, 2021 [Doc. No. 75]; and it is further

ORDERED that Defendants are awarded additional attorney's fees in the amount of $1,500 in connection with these contempt proceedings, for a total of $10,477.50, due and payable by the Plaintiff to Defendants; and it is further

---

state debt collection procedures, (2) the Court "lacks the jurisdiction after a final order, lacks jurisdiction for the abuse of the contempt power, lacks sound reasons to find Moseley in contempt[,]"(3) "[t]he Court seems to have misunderstood that Moseley has completely, thoroughly, and clearly shown cause why he should not be held in contempt," and (4) he would be in contempt of General Order 2021-13 if he appeared physically in the courthouse. *Id*. at 2.  Moseley again did not seek clarification or relief from General Order 2021-13 or explain why he had not, or could not, come into compliance with that General Order, as he had represented on November 5, 2021 he was in the process of doing.  Rather, Moseley chided the Court to "direct the Defendants not to waste the Court's time and should award Moseley attorney's fees in the measure of his work he would have been doing instead for clients, and the money he could have been earning including to pay down this debt." [Doc. No. 85] at 6.

ORDERED that the amount of $10,477.50, due and payable to Defendants by Plaintiff, shall increase at the rate of $50 per day until paid in full; and it is further

ORDERED that judgment be, and the same hereby is, entered against Plaintiff Jonathon A. Moseley, and in favor of Defendants Robert Vaughn and Solutions Painting, Inc., in the amount of $10,477.50, which judgment shall increase at the rate of $50 per day until paid in full, together with the costs of collection up to 15% of the judgment, as it has accrued prior to its satisfaction; and it is further

ORDERED that Jonathon A. Moseley's permission to appear in this Court on behalf of clients as an admitted lawyer be, and the same hereby is, suspended, pending further order of the Court upon application by Mr. Moseley following his payment in full of the Court ordered amounts herein; and the Clerk is directed to strike Mr. Moseley's name from the list of lawyers admitted to practice in this Court.[6]

The Clerk is directed to enter judgment in accordance with this Order, strike Plaintiff's name from the Roll of admitted attorneys and forward copies of this Order to all counsel of record and Plaintiff.

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 18, 2021

---

[6] The Court will also forward a copy of this Contempt Order and related orders to the Virginia State Bar for its consideration of whether any disciplinary action against the Mr. Moseley is appropriate.